FILED

MAY 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS ANTONIO GUARDADO-
CARDOZA and GUADALUPE
GUERRA-ALVARADO,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-70790

Agency Nos. A078-962-277
A078-962-278

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2010[**]
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Carlos Guardado-Cardoza and Guadalupe Guerra-Alvarado (wife and

derivative applicant), natives and citizens of El Salvador, petition for review of a

decision by the Board of Immigration Appeals (BIA) affirming the oral decision of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge (IJ) denying Guardado-Cardoza's application for asylum and withholding of removal.

Substantial evidence supports the BIA's determination that Guardado-Cardoza failed to establish that he suffered persecution on account of a protected ground, specifically membership in a particular social group or political opinion. Guardado-Cardoza's purported social group—persons with perceived economic wealth or individuals opposed to gangs—does not qualify as a "particular social group" for purposes of asylum, because it lacks both particularity and social visibility. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008). Similarly, Guardado-Cardoza's anti-gang sentiment also fails to qualify, because it is not a political opinion for asylum purposes. *See id*. at 747 (holding that an alien's general aversion to gangs did not constitute a political opinion). Accordingly, his asylum claims fails. *See id*. at 748.

Because Guardado-Cardoza did not satisfy the lower standard of proof for asylum, he necessarily did not satisfy the more stringent standard of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**